**In the United States Bankruptcy Court**
**For the District of Puerto Rico**

In the matter of:

CARLOS A GONZALEZ ALVELO

CASE NO.:08-06178 SEK

Debtor

Chapter 13

### Amendment of Chapter 13 Payment Plan
### Pre-Confirmation

The Debtor in the above-captioned case hereby amends the Chapter 13 Payment Plan prior to confirmation by substituting the attached amended Chapter 13 Payment Plan for that originally filed, pursuant to 11 U.S.C. 1323(a) *to increase the base by $174.00.*

**CERTIFICATE OF SERVICE:** I hereby certify that on January 13, 2009 I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notifications of such filing to the following: José R. Carrión, Chapter 13 Trustee and to all CM/ECF participants appearing on the mailing information address list.

January 13, 2009

Sonia A. Rodríguez Rivera 117414
Otto E. Landrón Pérez 202706
Landrón & Rodríguez Law Offices
Attorneys for the Debtor
PO Box 52044
Toa Baja PR 00950-2044
Tel 795-0390 / Fax 795-2693
Corozal: 802-3844 Tel & Fax
Email: landrodz@onelinkpr.net

**20 DAY NOTICE:** Within twenty (20) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF PUERTO RICO**

IN RE: CARLOS A GONZALEZ ALVELO

DEBTOR(S)

BK. CASE # 08-06178 SEK

CHAPTER 13

## CHAPTER 13 PAYMENT PLAN

**NOTICE:** ● The following plan contains provisions which may significantly affect your rights. You should read this document carefully and discuss it with your attorney. When confirmed, the plan will bind the debtor and each creditor to its terms. Objections must be filed in writing with the Court and served upon the debtor(s), debtors' counsel, the Trustee and any other entity designated by the Court, at the 341 meeting of creditors or not less than twenty (20) days prior to the scheduled confirmation hearing. For post confirmation Plan Modifications, objections must be filed and notified in the same manner within twenty (20) days from its notification. ● **This plan does not allow claims. Any party entitled to receive disbursements form the Trustee must file a proof of claim. The Trustee will pay the allowed claims, as filed, provided for in the plan, unless disallowed or expressly modified by the Court and / or the terms of the plan. If no claim is filed, the Trustee will not pay a creditor provided for in the plan, unless ordered by the Court. If the Trustee is to make POST-PETITION REGULAR MONTHLY PAYMENTS to any Secured obligation, then a proof of claim must be filed including the following information: account number, address, due date and regular monthly payment. Secured creditor must notify any change in the monthly payment, three (3) months prior to the effective date of new payment. Those post-petition monthly payments will not exceed the life of the plan.** ● See the notice of commencement of case for 341 meeting date and claims bar date, the latter is the date by which a proof of claim must be filed in order to participate of the plan distribution.

1. The future earnings of the Debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall make payments to the Trustee:
   [✓] directly [ ] by payroll deductions, as hereinafter provided in the PAYMENT PLAN SCHEDULE.
2. The Trustee shall distribute the funds so received as hereinafter provided in the DISBURSEMENT SCHEDULE.
[ ] 3. The Confirmation Order will not vest property of the Estate on Debtor until the Order discharging Debtor(s) is entered.

PLAN DATED: _____
[✓] PRE [ ] POST-CONFIRMATION

[✓] AMENDED PLAN DATED: January 13, 2009
FILED BY [✓] DEBTOR [ ] TRUSTEE [ ] UNSECURED CREDITOR

### I. PAYMENT PLAN SCHEDULE

| $ | | x | | = | $ | |
|---|---|---|---|---|---|---|
| 155 | | x | 2 | = | | 310 |
| 253 | | x | 58 | = $ | | 14,674 |
| | | x | | = $ | | 0 |
| | | x | | = $ | | 0 |
| | | x | | = $ | | 0 |
| | TOTAL = | 60 | | $ | | 14,984 |

Additional Payments:
$_____ to be paid as a LUMP SUM
within _____ with proceeds to come from
[ ] Sale of property identified as follows:
_____
_____

[ ] Other: _____
_____
_____

Periodic Payments to be made other than and in addition to the above.
$_____ x _____ = $_____ 0
To be made on: _____

**PROPOSED PLAN BASE:** $_____ 14,984

### II. ATTORNEY'S FEES

To be treated as a § 507 Priority, and paid before any other creditor and concurrently with the Trustee's fees, unless otherwise provided:

a. Rule 2016(b) Statement: $_____ 0
b. Fees Paid (Pre-Petition): ($_____)
c. R 2016 Outstanding balance: $_____ 0

d. Post Petition Additional Fees: $_____
e. Total Compensation: $_____ 0

Signed:
DEBTOR     CARLOS A GONZALEZ ALVELO

JOINT DEBTOR

ATTORNEY FOR DEBTOR _OTTO E. LANDRON PEREZ, ESQ._     Phone: 795-0390

### III. DISBURSEMENT SCHEDULE SEQUENCE

**A. SECURED CLAIMS:** [✓] Debtor represents that there are no secured claims.
[ ] Secured creditors will retain their liens and shall be paid asfollows:

[ ] **ADEQUATE PROTECTION** Payments: Cr. _____ $_____

[ ] Trustee will pay secured **ARREARS**:
| Cr. | Cr. | Cr. |
|---|---|---|
| Acct. _____ | Acct. _____ | Acct. _____ |
| $ _____ | $ _____ | $ _____ |

[ ] Trustee will pay **REGULAR MONTHLY PAYMENTS**:
(please refer to the above related notice, for important information about this provision)
| Cr. | Cr. | Cr. |
|---|---|---|
| Acct. _____ | Acct. _____ | Acct. _____ |
| Monthly Pymt.$ _____ | Monthly Pymt.$ _____ | Monthly Pymt.$ _____ |

[ ] Trustee will pay **IN FULL** Secured Claims:
| Cr. | Cr. | Cr. |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

[ ] Trustee will pay **VALUE OF COLLATERAL**:
| Cr. | Cr. | Cr. |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

[ ] Secured Creditor's interest will be insured. **INSURANCE POLICY** will be paid through plan:
Cr. _____ Ins. Co. _____ Premium: $_____
(Please indicate in "Other Provisions" the insurance coverage period)

[ ] Debtor SURRENDERS COLLATERAL TO Lien Holder:

[ ] Debtor will maintain REGULAR PAYMENTS DIRECTLY to:

**B. PRIORITIES.** The Trustee will pay §507priorities in accordance with the law [§1322 (a)(2)].
[✓] ASUME $9,488.19; ASUME $1125.00 ; IRS

**C. UNSECURED PREFERRED:** [ ] Plan [ ] Classifies [✓] Does not Classify Claims.

[ ] Class A: [ ] Co-debtor Claims: [ ] Pay 100% / [ ] "Pay Ahead":
[ ] Class B: [ ] Other Class: _____
| [ ] Cr. _____ | [ ] Cr. _____ | [ ] Cr. _____ |
|---|---|---|
| $ _____ | $ _____ | $ _____ |

**D. GENERAL UNSECURED NOT PREFERRED.** (Case Liquidation Value = $ _____)
[ ] Will be paid 100% plus _____ % Legal Interest. [ ] Will be paid Pro-Rata from any remaining funds

**OTHER PROVISIONS:**